13-3761(L)
*Z.C. v. Wal-Mart Stores, Inc.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand fourteen.

PRESENT:
>>> DEBRA ANN LIVINGSTON,
>>> CHRISTOPHER F. DRONEY,
>>> *Circuit Judges,*
>>> ALISON J. NATHAN,*
>>> *District Judge*.

_____

Z.C., INFANT(S), BY THE PARENT(S) AND NATURAL GUARDIAN(S), GARY CARPENTER,**

>>> *Plaintiff-Appellant-Cross-Appellee*,

GARY CARPENTER,

_____

*Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

**Z.C. was a minor when this case was filed and thus the case was brought on his behalf by his father and the case caption does not reflect his full name. Since then, he has reached the age of majority. Plaintiff-Appellant-Cross-Appellee is directed to file a motion of substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure in the event further filings are anticipated in this matter so that the caption reflects that he is appearing on his own behalf.

*Third-Party-Defendant,*

- v. -

Nos. 13-3761(L), 13-4006(XAP)

WAL-MART STORES, INC., DAISY MANUFACTURING COMPANY, INC., DBA DAISY OUTDOOR PRODUCTS,

*Defendants-Third-Party-Plaintiffs-Appellees-Cross-Appellants.*

_____

DAVID M. GIGLIO, ESQ., David M. Giglio & Associates, Utica, NY, *for Plaintiff-Appellant-Cross-Appellee.*

ASHLEY D. HAYES, ESQ., Hancock Estabrook, LLP, Syracuse, NY; WILLIAM M. GRIFFIN, III, ESQ. (Kimberly D. Young, *on the brief*), Friday, Eldredge & Clark, LLP, Little Rock, AR, *for Defendants-Third-Party-Plaintiffs-Appellees-Cross-Appellants.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant-Cross-Appellee Z.C. ("Appellant") appeals from a September 4, 2013 judgment following an August 13, 2013 oral decision of the United States District Court for the Northern District of New York (McAvoy, *J.*), granting summary judgment to Defendants-Third-Party-Plaintiffs-Appellees-Cross-Appellants Wal-Mart Stores, Inc. and Daisy Manufacturing Company, Inc., DBA Daisy Outdoor Products ("Appellees") and dismissing Appellant's negligence, strict products liability, failure to warn, and breach of warranty claims under New York law. The district court also dismissed a third-party claim brought by Appellees against Third-Party Defendant Gary Carpenter as moot. Appellant's claims arise out of an incident in which he was injured when

2

a BB gun discharged into his eye.[1]  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.  *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010).  Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Id.*; *see* Fed. R. Civ. P. 56.  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Fincher*, 604 F.3d at 720 (internal quotation marks omitted).

On appeal, Appellant argues that Appellees are liable in negligence pursuant to the doctrine of *res ipsa loquitur*.  Appellant also challenges the district court's dismissal of his strict products liability claim alleging a manufacturing defect.  We conclude that the district court properly granted summary judgment on these issues.[2]

---

[1]There were two guns that were in use at the time of the accident.  Testing after the accident of one of the guns, the "Big Buck" model, showed that it demonstrated good searing engagement, indicating that it probably would not have inadvertently discharged.  On appeal, Appellant argued that it was the other gun, the "Red Ryder" model, that discharged.  Because Appellant has not alleged facts demonstrating a strict products liability claim regardless of which gun was used, we do not reach the question of whether Appellant pled facts sufficient to demonstrate that the Red Ryder was used.

[2]In addition to his strict products liability claim for a manufacturing defect, Appellant also alleged design defect before the district court.  Appellant did not adequately raise this claim in his brief before this Court and has accordingly waived it.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived. . . .").  Appellant's warranty and failure to warn claims are likewise waived, as he does not raise them on appeal.

At oral argument, Appellant's counsel focused principally on Appellant's argument that Appellees are liable in negligence under the theory of *res ipsa loquitur*. We disagree. To demonstrate negligence under this theory, a plaintiff must show that "(1) the event was of a kind which does not ordinarily occur in the absence of someone's negligence; (2) it was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it was not due to any voluntary action or contribution on the part of plaintiff." *Stone v. Courtyard Mgmt. Corp.*, 353 F.3d 155, 157 (2d Cir. 2003). We agree with the district court that *res ipsa loquitur* is inapplicable here because "the accident was not caused by an instrumentality or agency within defendants' exclusive control." J.A. 52. Appellant relies on this Court's decision in *Stone*, in which we concluded that a plaintiff could invoke *res ipsa loquitur* where the internal components of an automatic door were under the exclusive control of the defendant. In that case, however, the defendant owned the doors and hired someone to conduct maintenance on them (accessing their internal components). 353 F.3d at 159-60. Here, in contrast, as soon as Appellant purchased the gun, Appellees no longer had any access to the gun's internal firing mechanism. Because Appellant cannot show that Appellees had exclusive control of the instrumentality, he has failed to make out a claim under the theory of *res ipsa loquitur*.

Appellant's strict products liability claim alleging a manufacturing defect also fails. A manufacturing defect can be demonstrated either through evidence identifying a specific flaw, or through reliance on circumstantial evidence. *Speller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 42 (2003). Both parties agree that Appellant's gun in its present condition cannot be tested to determine whether it was defective at the time of the incident. No reasonable jury could find that Appellant has identified a specific flaw. In order to prove a manufacturing defect "in the absence

4

of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants." *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 125 (2d Cir. 2006) (quoting *Speller*, 100 N.Y.2d at 41). Appellant admitted in his deposition testimony that other people could have used his gun when he left it unattended while visiting his mother. Appellant has not presented sufficient evidence to permit a jury to conclude that he has excluded the possibility that the gun was damaged during the period it was in his custody in a manner that caused it to discharge when dropped. He therefore has not raised a triable issue of fact as to whether a manufacturing defect can be demonstrated by circumstantial evidence.

We have considered all of Appellant's remaining arguments on appeal and find them to be without merit. Accordingly, the September 4, 2013 judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5